IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

COBY TOWNSEND HURST                                              PLAINTIFF

v.                              Civil No. 5:21-cv-05212

JUDGE CHRIS M. GRIFFIN,
City of Rogers, Arkansas; and
JOHN DOE, Public Defender,
City of Rogers, Arkansas                                        DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed by Plaintiff, Coby T. Hurst ("Hurst"), under 42 U.S.C. § 1983. Hurst proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making this Report and Recommendation.

The case is before the Court for preservice screening. Pursuant to 28 U.S.C. § 1915A(a), the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

### I.    BACKGROUND

Hurst alleges that the Defendants, Judge Chris M. Griffin ("Judge Griffin") and John Doe Public Defender ("Public Defender"), violated his constitutional right to due process. (ECF No. 1 at 4-5). In Claim One, Hurst says he appeared before Judge Griffin on March 13, 2019. *Id.* at 4. Hurst alleges that the felony charges against him had been "dropped," but Judge Griffin would not release him from incarceration at the Benton County Detention Center ("BCDC"). *Id.* at 4. Hurst indicates he was being held in connection with the Natasha Bean case and she did not appear in court. *Id.* at 5. Hurst says he was told he would not get out of jail unless he signed an

1

admission of guilt.  *Id.*  Hurst states that the Public Defender told him that this was not a court appearance which required Natasha Bean to be present.  *Id.* at 9.  Hurst therefore did not "win" because she did not appear.  *Id.*  The Public Defender also told Hurst to sign the admission of guilt, or his next court appearance was set in a month-and-a-half.  *Id.*  Hurst maintains he would not have gotten out of jail even if he had signed the document.  *Id.*  Further, Hurst says he had no way of bonding out of jail.  *Id.* at 10.

In Claim Two, Hurst alleges that on February 14, 2020, "and one other date," he appeared before Judge Griffin and was denied due process with respect to another case.  (ECF No. 1 at 5). Hurst alleges that he advised Judge Griffin that he had been incarcerated for four months "for [the] same crime that I [pled] guilty [to] in felony court."  *Id.*  In response, Hurst says Judge Griffin merely told him to talk to the prosecutor and set another court date.  *Id.*

In Claim Three, Hurst alleges Judge Griffin and the Public Defender denied him the due process of law.  (ECF No. 1 at 6).  Hurst alleges that on some unknown date the "Judge ran off the bench and then [the] Public Defender came out and said, 'sign this and you'll get no jail time if not you'll go to jail I promise.'"  *Id.*  Hurst says no one else was in the court room.  *Id.*  This appearance dealt with a case involving an "ass[a]ult on bike on guy in Ford truck."  *Id.*

As relief, Hurst seeks compensatory and punitive damages.  He asks for an award of $1000 per day for each day he was incarcerated.  (ECF No. 1 at 7).  He also seeks millions of dollars in damages for the destruction of his life and his pain and suffering.  *Id.*

## II.    LEGAL STANDARD

Under § 1915A, the Court is obligated to screen the case prior to service of process being issued.  The Court must dismiss a complaint, or any portion of it, if it contains claims that (1) are

2

frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seek monetary relief from a defendant who is immune from such relief.   28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact."   *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).   An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right.   *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988); *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987).   A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face."   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'"   *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).   This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework."   *Jackson*, 747 F.3d at 544 (cleaned up).   However, the complaint must still allege specific facts sufficient to support a claim.   *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.    DISCUSSION

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States.   To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) each defendant

acted under color of state law, and (2) that he or she violated a right secured by the constitution. *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999).

### A.  Judge Griffin - Individual Capacity Claim

Judge Griffin is the District Judge who presided over charges brought against Hurst in the District Court of Benton County.   Judges are generally immune from individual capacity damages suits based on actions taken within their judicial capacity.  *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("judicial immunity is an immunity from suit, not just from ultimate assessment of damages").   Judicial immunity is only overcome in two narrow situations: (1) if the challenged act is non-judicial; and (2) if the action, although judicial in nature, was taken in the complete absence of jurisdiction.  *Id*.   Moreover, "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction."  *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (citations omitted).

The only allegations Hurst has made against Judge Griffin are related to the Benton County criminal proceedings against Hurst.   Hurst has made no allegations that Judge Griffin took any actions that were non-judicial or taken without jurisdiction.   Hurst's individual capacity claims against Judge Griffin fail as he is immune from suit.

### B.  Judge Griffin - Official Capacity Claim

Hurst's official capacity claims against Judge Griffin are subject to dismissal.   In Arkansas, judges are state officials.   Ark. Const. amend. 80, § 17.

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against any one of

4

the United States." U.S. Const. amend XI. "The Eleventh Amendment confirms the sovereign status of the States by shielding them from suits by individuals absent their consent." *Frew ex re. Frew v. Hawkins,* 540 U.S. 431, 437 (2004). "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the state itself." *Will v. Michigan Dep't. of State Police,* 491 U.S. 58, 71 (1989) (citation omitted).

"Eleventh Amendment jurisprudence is well-settled: 'a suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment.'" *Burk v. Beene,* 948 F.2d 489, 492 (8th Cir. 1991) (quoting *Edelman v. Jordan*, 415 U.S. 651, 663 (1974)). This bar exists whether the relief sought is legal or equitable. *Papasan v. Allain,* 478 U.S. 265, 276 (1986). Furthermore, "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will*, 491 U.S. at 71.

Exceptions to the reach of the Eleventh Amendment exist only when the state has unequivocally waived its immunity or Congress has abrogated the immunity. *Hutto v. Finney*, 437 U.S. 678, 693 (1978). The State of Arkansas has not waived its sovereign immunity. *See e.g., Hadley v. North Ark. Cmty. Tech. Coll.,* 76 F.3d 1437, 1438 (8th Cir. 1996). Nor did Congress abrogate sovereign immunity when enacting § 1983. *Quern v. Jordan*, 440 U.S. 332, 345 (1979). The official capacity claims against Judge Griffin are therefore barred by the Eleventh Amendment.

## C. Public Defender

A Public Defender represents, or represented, Hurst during his criminal proceedings. A Public Defender is not subject to suit under § 1983. As mentioned above, a § 1983 complaint

5

must allege that each defendant, acting under color of state law, deprived plaintiff of "rights, privileges or immunities secured by the Constitution and laws" of the United States.   42 U.S.C. § 1983; *see also DuBose v. Kelly*, 187 F.3d 999, 1002 (8th Cir. 1999).   Defendant Public Defender is not acting under color of state law while representing Hurst in his criminal proceedings.   *Polk County v. Dodson*, 454 U.S. 312, 324 (1981) (neither public defenders nor privately retained defense counsel act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in criminal proceedings).

Accordingly, Hurst has failed to state cognizable claims under § 1983 against Defendant John Doe Public Defender.

## IV.    CONCLUSION

For these reasons, it is recommended that the claims against Judge Griffin and John Doe Public Defender be dismissed on the grounds that Judge Griffin is immune from suit and Hurst has failed to state a plausible claim against Public Defender.   28 U.S.C. § 1915A(b).   It is further recommended that this case be **DISMISSED WITHOUT PREJUDICE.**

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).   The failure to file timely objections may result in waiver of the right to appeal questions of fact.   The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 9th day of December 2021.

/s/ Mark E. Ford
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE